CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 09 2009

JOHN F. CORCORAN, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 5:07cr00059-1 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| DOMINGO BARRERRA ROJAS. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This matter is before the court on Domingo Barrera Rojas' "attempt motion for consideration" in which he seeks leave to file an untimely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Although Rojas' motion was initially docketed as a § 2255 motion, upon further review and consideration, the court finds that his instant motion should not be considered under § 2255, and therefore, dismisses the § 2255 action without prejudice. Instead, the court construes his motion as a motion for an extension of time to file a § 2255 motion, and denies his motion for lack of jurisdiction.

I.

On March 25, 2008, pursuant to a written plea agreement, the court convicted Rojas of aggravated reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and sentenced Rojas to 70 months incarceration. In his instant § 2255 petition, Rojas asks the court to allow him to file an untimely § 2255 motion because he "believe[s] he ha[s] ground[s] for a downward departure . . . ."

II.

In his motion for an extension of time, Rojas does not allege any cognizable grounds for relief under § 2255[1], and, therefore, the court lacks jurisdiction to entertain Rojas' request. United

---

[1] To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such a sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The petitioner bears the burden of proving

States v. White, 257 F. App'x 608 (4th Cir. 2007) (citing United States v. Leon, 203 F.3d 162, 163-64 (2d Cir. 2000) (finding that the court lacked jurisdiction to consider the timeliness of a § 2255 motion unless the § 2255 motion was actually filed); Ramirez v. United States, 461 F. Supp. 2d 439 (E.D. Va. 2006).

For a district court to have jurisdiction over a motion for an extension of time to file a § 2255 motion, it must be either (i) be filed concurrently with or after a § 2255 motion, or (ii) be construed as the § 2255 motion itself. Ramirez, 461 F. Supp. 2d at 441. Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under § 2255, a district court is empowered, and in some instances may be required to treat that motion as a substantive motion for relief. Id. (citing Green v. United States, 260 F.3d 78 (2d Cir. 2001)). In this case, however, Rojas' motion does not allege any cognizable claim for relief under § 2255, and thus is not amenable to recharacterization as a substantive § 2255 petition.

Moreover, to the extent Rojas seeks a sentence reduction, the court denies his request because, except in limited circumstances not present here, the court loses jurisdiction to modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c).

### III.

Based on the foregoing, the court denies Rojas' "attempt motion for consideration" and dismisses the § 2255 motion without prejudice.

**ENTER:** This 9TH day of November, 2009.

United States District Judge

---

grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998). In this case, Rojas has not demonstrated any grounds for relief under § 2255. Rather, he seeks leave to ask the court to reduce his sentence. Therefore, the court finds that he has not stated a cognizable § 2255 claim.